1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ED LOYHA,                              No. CIV S-05-1758-CMK

12              Plaintiff,

13        vs.                               <u>ORDER</u>

14   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
15
                Defendant.
16   _____/

17              Plaintiff, who is proceeding with retained counsel, brought this action for judicial

18   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19   Judgment was entered on May 31, 2007 remanding this matter to the Commissioner pursuant to

20   sentence four of 42 U.S.C. § 405(g) for further proceedings.  Pending before the court is

21   plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (hereinafter

22   EAJA), 28 U.S.C. § 2412(d) (Doc. 31).

23                                    **<u>Background</u>**

24              The Social Security Administration originally determined plaintiff was entitled to

25   SSI in 1993.  In 2003, the Social Security Administration determined that plaintiff's disability

26   had ceased and that she was able to work.  This decision was affirmed in 2004 by a Social

1

1 Security Hearing Officer.  Plaintiff requested review of that decision by an Administration Law

2 Judge, who found in 2005 that plaintiff was no longer disabled after December 2003.  The

3 Appeals Council denied plaintiff's request for review, and she filed a timely appeal in this court.

4 On May 31, 2007, this court issued an order remanding this matter to the Commissioner for

5 further proceedings.  Judgment was entered on May 31, 2007.  Plaintiff's counsel filed an

6 application for fees on July 30, 2007, with supporting evidence, totaling $6,682.76 for 41.35

7 hours.[1]  The Commissioner challenges the amount requested, arguing that the amount of time

8 spent was unreasonable and excessive.

9 **Discussion**

10        The EAJA authorizes an award of "fees and other expenses" to a prevailing party

11 in a case against the United States "unless the court finds that the position of the United States

12 was substantially justified or that special circumstances make an award unjust."  28 U.S.C. §

13 2412(d)(1)(A).  In social security appeals such as this, the Commissioner bears the burden of

14 showing that her decision to deny benefits was substantially justified "to a degree that could

15 satisfy a reasonable person."  See Pierce v. Underwood, 487 U.S. 552, 565 (1988).  In this case

16 the Commissioner does not challenge the plaintiff's entitlement to fees, and the court's own

17 review of the record does not reveal any special circumstances which would render an EAJA

18 award unjust.  See 28 U.S.C. §. 2412(d)(1)(A).  Thus, the court concludes that the position of the

19 Commissioner was not justified and that reasonable fees should be awarded under the EAJA.

20        Having concluded that an EAJA award is proper, the court moves to the contested

21 issue of whether the amount sought by plaintiff's counsel is reasonable.  "This court has

22 discretion in determining the amount of a fee award, including the reasonableness of the hours

23 claimed by the prevailing part."  Gates v. Deukmejian, 987 F.2dd 1392, 1398 (9th Cir. 1992)

24 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); see also INS v. Jean, 496 U.S. 154

25 _____

26        [1]        In plaintiff's reply to the Commissioner's opposition, counsel has requested an
additional 2.5 hours for researching and drafting the reply brief, for a total of 43.85 hours.

1    (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as

2    the standard in Hensley).   With respect to attorney's fees, plaintiff's counsel requests a total of

3    $7,092.14 for 43.85 hours of work.  The EAJA provides that "attorney fees shall not be awarded

4    in excess of $125 per hour unless the court determines that an increase in the cost of living or a

5    special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The rates submitted by

6    plaintiff's counsel are adjusted to account for cost of living increases–rate of $156.79 per hour

7    in 2005, $161.85 per hour in 2006, and $163.75 per hour in 2007.  To support these adjustments,

8    plaintiff's counsel cites the United States Department of Labor's Consumer Price Index, which

9    according to the Ninth Circuit, constitutes proper proof of the increased cost of living since the

10   EAJA's enactment and justifies an award of attorney's fees greater than the statutory cap.  See

11   Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001); see also, Motion for Fees at Ex. 2 (Doc.

12   31).  The Commissioner does not challenge the hourly rates proposed by plaintiff's counsel.  The

13   court's own review of the plaintiff's evidence indicates that the figures are accurate.

14   Accordingly, the court finds that the hourly rates proposed by plaintiff's counsel are reasonable.

15           The court next moves to the itemized accounting of attorney time that plaintiff's

16   counsel submitted in support of the fee application.  According to plaintiff's counsel, she spent

17   the following time working on this matter: 1.5 hours drafting the complaint and reviewing other

18   documents for filing; 9 hours reviewing and marking the record, and researching and reviewing

19   continuing disability cases; 7.95 hours drafting a summary of relevant medical evidence and

20   testimony sections; 15.5 hours drafting, completing and editing a brief, and 7.4 hours conducting

21   other tasks.  See Motion for Attorney Fees at Ex. 3 (Doc. 31).  The Commissioner challenges this

22   figure as unreasonable and excessive "for a routine continuing disability review case in which a

23   reply brief was not filed."  See Defendant's Opposition to Plaintiff's Petition For Attorney Fees

24   (hereinafter defendant's opposition) at 2 (Doc. 32).  The Commissioner takes issue with the 1.5

25   hours billed for drafting the complaint and reviewing other documents for filing and the 9 hours

26   billed for reviewing and marking the record, and researching and reviewing continuing disability

1   cases.  Specifically, the Commissioner claims that the complaint is a "formulaic complaint"

2   which required no attorney expertise to draft.  <u>See</u> defendant's opposition at 3.  He also claims

3   this was a routine disability review case and plaintiff's attorney is an experienced disability

4   attorney, the record in this case was not significantly "lengthy" but of average length, and the law

5   in this area has not significantly changed over the years.  Of particular significance, the

6   Commissioner "asserts that 'research and review' of the law was unnecessary for briefing this

7   case."  Defendant's opposition at 3.  The commissioner suggests eliminating the 1.5 hours for

8   drafting the complaint and the 9 hours spent on reviewing the record and researching continuing

9   disability cases.

10          In response plaintiff's attorney argues that "drafting complaints, and other

11  documents filed in a court of law are, by definition, compensable attorney work."  Plaintiff's

12  Reply to Defendant's Opposition (hereinafter Reply) at 2 (Doc. 33).  She also states that she does

13  not have support staff in her office who could have drafted the complaint, and that she exercises

14  billing judgment and does not bill for work normally performed by non-attorney support staff.

15  <u>See id.</u>  In response to the 9 hours spent reviewing the record and conducting research, she points

16  out that the record consists of 400-plus pages, and that this is the amount of time she actually

17  spent performing this work.  <u>See id.</u> at 2-3.  Plaintiff's counsel also points the court towards a

18  decision in which a District Court in the Central District of California stated that "Social Security

19  cases are fact-intensive and require a careful application of the law to the testimony and

20  documentary evidence, which must be reviewed and discussed in considerable detail."  <u>Patterson</u>

21  <u>v. Apfel</u>, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000); <u>see</u> Reply at 3. Plaintiff's counsel also

22  points out that the amount of time she claims were within the approved range of reimbursement.

23  <u>See id.</u>

24          After reviewing the materials submitted in connection with this appeal, the court

25  is not persuaded that plaintiff's counsel's billing is unreasonable.    While nine hours may seem a

26  bit excessive to review the record in this case, this time was not spent only reviewing the record.

1   This time was also spent conducting legal research.  The Commissioner incredibly argues that no

2   research and review of the law was necessary for this case.  The court takes particular exception

3   with the statement.  It is incumbent upon attorneys that prior to filing any pleading with the court,

4   they have taken reasonable measures to ensure "the claims ... and other legal contentions therein

5   are warranted by existing law." Fed. R. Civ. Proc. 11(b).  Taking the Commissioner's argument

6   would be in conflict with Rule 11.  Even assuming the Commissioner's statements about

7   plaintiff's counsel are true, that she is an expert in the area of social security and that her practice

8   relies heavily on boilerplate, she still has an obligation to review the file and to make sure her

9   boilerplate pleadings are current and an accurate statement of the law.  Failure to do so would be

10  in violation of Rule 11 and would likely constitute legal malpractice.  Therefore, the court finds

11  that eliminating completely the amount of time spent reviewing the record and conducting at

12  least a minimal amount of research is not proper.  In addition, the court finds that spending nine

13  hours reviewing a 400-plus record and conducting legal research is not unreasonable.

14        Similarly, plaintiff's counsel claims she spent 1.5 hours drafting the complaint

15  and reviewing other documents for filing.  The Commissioner takes issue with this figure in that

16  the complaint could have been drafted by non-attorney support staff and that counsel does not

17  identify what other documents were reviewed, and requests this amount be eliminated.  Again,

18  the court is not persuaded that this amount is unreasonable.  The court agrees with plaintiff's

19  counsel that drafting complaints for filing with the court is compensable attorney work.

20  Eliminating this amount from the time billed is not reasonable.

21        Finally, plaintiff's counsel has requested an additional 2.5 hours for preparing her

22  Reply in response to the Commissioner's opposition to her fee request.  This request is a

23  reasonable request for researching the cases the Commissioner cited in his opposition, and to

24  respond to the opposition.  Thus, the additional 2.5 hours will be allowed.  See Love v. Reilly,

25  924 F.2d 1492, 1497 (9th Cir. 1991) (citing INS v. Jean, 496 U.S. 154 (1990)).

26

1          **Accordingly**, IT IS ORDERED that plaintiff's counsel's request for attorney fees

2    is granted in the amount of $7,092.14.

3

4    DATED:   September 5, 2007.

5

6                                                        **CRAIG M. KELLISON**

7                                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26